**UNITED STATES of America**

v.

**Gregory Robert RIVERS.**

**Crim. No. S 89–0396.**

United States District Court, D. Maryland.

April 9, 1990.

Breckinridge L. Willcox, U.S. Atty., and Roann Nichols, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Fred Warren Bennett, Federal Public Defender, and M. Brooke Murdock, Asst. Federal Public Defender, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

SMALKIN, District Judge.

This criminal case is pending on the defendant's motion for a factual determination of career offender status. No *ore tenus* hearing is necessary.

■ The defendant is pending sentencing on a bank robbery charge. In compiling the pre-sentence report, the probation officer identified two prior offenses that would seemingly qualify the defendant for career offender status pursuant to U.S. Sentencing Guideline § 4B1.1. There is no dispute that these two prior convictions are valid convictions that involve crimes of violence. The only question is whether they fit the criterion of Guideline § 4B1.2.(3) that they must be capable of being counted separately under Part A of Chapter 4 of the Sentencing Guidelines.

Under Guideline § 4A1.2.(a)(2), prior sentences in "related" cases are merged when reckoning criminal history scores. Such merger, under the Guideline provision cited in the preceding paragraph, carries through to career offender determinations. Under Guideline Application Note 3 to § 4A1.2., cases are related if they occurred on a single occasion, were part of a single common scheme or plan, or were consolidated for trial or sentencing.

The offenses at issue here are two gas station armed robberies that occurred within twelve days of each other in 1976 in Baltimore City and Baltimore County, Maryland. When arrested by City detectives, Rivers admitted to the County robbery as well. He first appeared in Baltimore City Criminal Court, where the judge, knowing of the outstanding County charge, sentenced him to 12 years' imprisonment, on his plea of guilty. Shortly thereafter, he was sentenced to 16 years, *concurrent* with the City sentence, by the judge presiding in his County case, again on a plea of guilty.

Given the unusual geographical disposition of Baltimore City and Baltimore County (the County surrounds the City, like a horseshoe) and the fact that they are separate jurisdictions, the Court concludes that the concurrent sentences imposed here were the functional equivalent of a consolidation under the applicable Guidelines. Given its familiarity with local practices, this Court has no doubt (and so finds as a fact) that, had the offenses both occurred in the same jurisdiction, they would have been consolidated for trial and/or sentencing, due to their similarity and closeness in time. It was only an accident of geography that precluded such consolidation. Also, from its reading of the transcript of the County sentencing, the Court has concluded that the presiding judge, the late Judge Raine, treated the two proceedings, for sentencing purposes, as if they had been consolidated, in that he imposed concurrent time, and in that, while stating that both the City and the County crimes ought to be punished, he also stated (noting the brief interval between the two crimes), " ... I do not think he ought to be doubled up on too much."

■ Thus, taking into account the lenity with which the criminal law (including, one assumes, law in the form of "guidelines") ought to be applied in close cases, the Court concludes that the two prior robbery offenses merge for the purpose of computing criminal history under the federal Sentencing Guidelines, and that this defendant is not a career offender. The Court has considered the cases cited by the Government in its opposition, but it finds that they are not controlling. Nothing in, for example, *United States v. Flores*, 875 F.2d 1110, 1113–14 (5th Cir.1989) is contrary to this Court's conclusion. In *Flores*, the sentencing state judges apparently did not specify that their sentences specifically be concurrent with those imposed for the offenses which the defendant claims were related. *Id.* Furthermore, this Court does not agree with *Flores* insofar as that case gave any controlling weight to the "Supplementary Illustrations" accompanying the Guidelines. This Court, although required by statute to defer to the Sentencing Commission with regard to its binding Guidelines, need not take as authority its "illustrations," especially where the basic rule itself is clearly laid out in the binding part of the Sentencing Commission's handiwork, as it is here.

■ As a separate and independent ground for its holding, the Court concludes that the two prior robbery offenses were committed pursuant to a single plan, *i.e.*, a plan to rob gas stations to obtain money to

buy the narcotics to which the defendant had become addicted during his honorable service as a United States Marine in Viet Nam. Thus, they are not to be separately counted for career offender purposes.

For the stated reasons, the defendant's motion is GRANTED.