**UNITED STATES of America, Appellee,**

v.

**Pamela M. LOWE, Appellant.**

**No. 90–1950EM.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 8, 1991.

Decided April 16, 1991.

Renee E. Schooley, St. Louis, Mo., for appellant.

James E. Crowe, Jr., St. Louis, Mo., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Pamela Lowe appeals the district court's[1] determination that her prior con-

victions for check forgery were not related for purposes of determining her criminal history score under U.S.S.G. § 4A1.2. We affirm.

## I. BACKGROUND

Lowe entered guilty pleas to two counts of a five-count indictment for conspiracy to steal mail, transportation in interstate commerce of forged securities, and possession of stolen mail, in violation of 18 U.S.C. §§ 371, 1708 and 2314. These offenses were performed in conspiracy with James O. Williams, Jr., Saundra Lenox and others. The group's method of operation was to steal blank checks and completed personal checks from various mailboxes. Using the information from the completed personal checks, the conspirators completed and forged signatures on the stolen blank checks. The forged checks were then presented for payment.

The Presentence Investigation Report ("PSI") revealed that Lowe had six prior convictions for passing bad checks. One conviction was for a check forgery which Lowe committed in Cass County, Missouri in January 1987.[2] Another conviction was for a check forgery committed in St. Louis County, Missouri in July 1986. A third conviction was a misdemeanor for passing bad checks in Clay County, Missouri in December 1986. A fourth conviction was for a check forgery committed in Clay County, Missouri in December 1986. A fifth conviction was for obstruction of correspondence committed in Springfield, Missouri.

souri in January 1987.[3] The last conviction was for obstruction of correspondence committed in Oklahoma City, Oklahoma in September 1988. This latter conviction was committed in conspiracy with James O. Williams, Jr., one of her co-conspirators in the current offenses.

The PSI treated the six prior convictions as unrelated[4] and assessed three criminal history points for each conviction.[5] Lowe's criminal history score put her in criminal history category VI, resulting in an imprisonment range of 27–33 months.[6] Lowe objected to her criminal history score, contending that the prior convictions were related and should have been treated as one instead of six and, therefore, that her criminal history points should have been five instead of twenty.[7] At sentencing, after listening to arguments of counsel, the trial court determined that Lowe's six prior convictions were unrelated.

## II. DISCUSSION

 The issue raised on appeal is whether the trial court erred in determining that prior convictions for crimes with similar modi operandi and the same motive were unrelated for purposes of computing criminal history points pursuant to U.S.S.G. § 4A1.2. Application Note 3 to U.S.S.G. § 4A1.2 defines related cases as those that "(1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing."[8] We begin by noting that the trial court's determinations with respect to the

---

2. Lowe gave a statement after her first arrest indicating that she stole blank and completed checks from mailboxes and used the information and stolen blank checks to forge checks.

3. Lowe had acted together with John Sielman to steal completed and blank checks from mailboxes and to forge checks from the stolen checks.

4. "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be counted as one sentence for purposes of the criminal history." U.S.S.G. § 4A1.2(a)(2).

5. The PSI also assessed two additional points because Lowe was on probation from her earlier convictions.

6. This is based on an offense level of eleven, which determination Lowe does not appeal.

7. The five criminal history points would have placed Lowe in criminal history category III, resulting in an imprisonment range of 12–18 months.

8. This commentary contains a caveat: "The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public."

offenses in a criminal history computation are factual determinations and are subject to a "clearly erroneous" standard of review. *United States v. Justice*, 877 F.2d 664, 670 (8th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989). We hold that the district court's determinations were not clearly erroneous.

■ Lowe has never maintained that her prior convictions occurred on a single occasion or were consolidated for trial or sentencing. However, she contends that her prior convictions were part of a single common scheme or plan. She argues that all the prior offenses were committed against financial institutions, involved an identical modus operandi and were singularly motivated. Although committed over the course of two years and in several different locations, Lowe maintains they were continuous acts and part of a continuous scheme. She used the same method to commit the forgeries and her motive in each instance was to obtain money to support her drug habit. In rejecting these arguments, the district court determined that, although the prior convictions were related as to motive, they were separate and unrelated as to the criminal history computation because they were committed over the course of two years, involved different victims, occurred in different locations and were not consolidated for trial or sentencing. Because there is ample support in the record, the district court's determination is not clearly erroneous, and in fact is clearly correct.

Lowe relies heavily on *United States v. Rivers*, 733 F.Supp. 1003 (D.Md.1990) in support of her position. In *Rivers*, the prior offenses occurred within twelve days of each other and the court found that the concurrent sentences for the convictions were the "functional equivalent of a consolidation under the applicable Guidelines." *Id.* at 1004. The court also stated that a defendant's motive to rob gas stations in order to obtain money to support a drug habit was a separate ground to conclude that the crimes were committed pursuant to a single plan. *Id.* at 1004–05. Motive may be one factor for the trier of fact to consider in a single common plan or scheme determination, but it is not conclusive in every case, and to view "motive" as dispositive in this series of fraudulent and criminal acts would be an absurdity.

The Guidelines do not refer to criminal motive or modus operandi in reference to whether prior convictions are related. If motive were the sole determining factor, virtually all prior convictions for any defendant could be characterized as related. Also, a similar modus operandi is not determinative of a single common plan or scheme. Similar crimes are not necessarily related crimes. As already noted, whether prior convictions are related in regard to a criminal history determination is a case-by-case factual determination. In *Rivers*, the court decided that a single motive together with the other facts mandated a determination of relatedness. However, *Rivers* does not represent a bright line rule, nor does it eliminate the need for a case-by-case assessment. *See, e.g., United States v. Jones*, 899 F.2d 1097 (11th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990).[9] In Lowe's case, the trial court acknowledged that the prior offenses were related as to motive and modus operandi, but the court concluded that they were unrelated because they occurred over a two year period, involved different victims, were committed in different loca-

---

**9.** In *Jones,* the Eleventh Circuit upheld a trial court's determination that prior convictions were unrelated. The defendant had maintained that two prior convictions were related as part of a common scheme or plan because they were separated by only ninety minutes and the modi operandi were identical. *Id.* at 1101. The court upheld the district court's determination that the two offenses were not related because they were temporally distinct and involved two different banks and tellers. *Id.; see also U.S. v. Davis,* 922 F.2d 1385 (9th Cir.1991). In *Davis,*

the defendant had maintained that two prior convictions for forgery were related as a single scheme or plan because, among other reasons, the offenses were the same type of crime. *Id.* at 1388. However, the court adopted the holding in *United States v. Jones,* and concluded that "a common *modus operandi* is not enough to demonstrate a single common scheme or plan." *Id.* at 1389. The court reasoned that the offenses were committed thirteen months apart, involved a different victim each time and involved two different law enforcement agencies. *Id.* at 1390.

tions and were not consolidated for trial or sentencing.[10]

## III. CONCLUSION

Because the trial court's finding that Lowe's prior convictions were not related is supported by the record, we cannot conclude it was clearly erroneous.

---

**10.** Lowe correctly asserts that the trial court should not have considered the relationship between the current conspiracy and the prior convictions in its relatedness determination. Whether the current convictions are related to the prior convictions is irrelevant for purposes of determining the criminal history score. *United ed States v. Miller,* 903 F.2d 341, 343 (5th Cir. 1990) (U.S.S.G. § 4A1.2 is only concerned with whether *prior* convictions are related to *each other,* not whether they are related to the current offense). However, as indicated above, the relationship between Lowe's current conspiracy and her prior convictions was not the sole basis for the trial court's decision; the court also found that Lowe's prior convictions were not related to each other because of factors other than their relationship to her current convictions.