**UNITED STATES of America, Appellee,**

v.

**Marvin Jesse MANUEL, Appellant.**

**No. 90–1960.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1990.

Decided Sept. 9, 1991.

Walter C. Lambert, argued (Craig Lambert and William A. McLean, on the brief), Little Rock, Ark., for appellant.

Linda B. Lipe, argued (Charles A. Banks and Linda B. Lipe, on the brief), Little Rock, Ark., for appellee.

Before ARNOLD and BEAM, Circuit Judges, and BOGUE,* Senior District Judge.

BEAM, Circuit Judge.

Marvin Jesse Manuel appeals his fifteen-month sentence for failure to appear for sentencing on a federal forgery conviction in violation of 18 U.S.C.A. § 3146(a)(1) (Supp.1991). Manuel argues that the district court misapplied the guidelines. We affirm.

## I. BACKGROUND

Manuel pleaded guilty to a federal forgery violation on August 25, 1989, but he failed to appear at the sentencing hearing scheduled on November 20, 1989. He was apprehended at his home and sentenced the next day to twenty-one months imprisonment for forgery. Manuel's federal forgery sentence was reversed in part and remanded for resentencing. *United States v. Manuel,* 912 F.2d 204 (8th Cir.1990).

Manuel was subsequently indicted, on January 16, 1990, for his failure to appear on the federal forgery violation. His case was tried before a jury and Manuel was found guilty of knowingly failing to appear. The sentencing court set Manuel's base offense level at six and added six points under guideline section 2J1.6(b)(2) because the underlying forgery offense is punishable by a term of imprisonment of five or more years. The court added a total of nine criminal history points: three points under section 4A1.1(a) for the underlying federal forgery conviction, three additional points under the same section for a state forgery conviction,[1] two points under section 4A1.1(d) because Manuel was under a criminal justice sentence on the federal forgery conviction at the time he failed to appear, and one point for an unrelated prior conviction under section 4A1.1(c). After allowing a reduction of two points for acceptance of responsibility, the court set Manuel's total offense level at ten and his criminal history category at IV, resulting in an imprisonment range of fifteen to twenty-one months. The court sentenced Manuel to fifteen months imprisonment for failing to appear for sentencing.[2]

On appeal, Manuel raises three objections to the district court's application of the guidelines. Manuel first asserts that the district court erred in assessing three criminal history points based on his state forgery conviction because the state offense was related to the federal forgery conviction for which three points had already been assessed. Second, Manuel contends that two criminal history points

* The HONORABLE ANDREW W. BOGUE, Senior District Judge for the District of South Dakota, sitting by designation.

1. Manuel pleaded guilty to the state forgery offense and was sentenced on December 1, 1989, to five years imprisonment. His state sentence runs concurrent with his sentence on the federal forgery conviction.

2. Manuel's sentence for failure to appear runs consecutive to the sentence he received on the underlying forgery conviction. Sentencing Transcript at 35.

should not have been assessed for being under a criminal justice sentence when he failed to appear because he was not technically under a sentence on the federal forgery charge, but was on release pending sentencing. Finally, Manuel argues that his sentence for failing to appear violates the eighth amendment.

The government agrees with Manuel that two criminal history points should not have been assessed based on a failure to appear while under a criminal sentence. The government argues, however, that the district court's error on this issue was harmless because Manuel would still have received the same sentence without the two points.

## II. DISCUSSION

■ We will uphold the district court's sentence unless it "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is outside the applicable guideline range, and is unreasonable ...; or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." 18 U.S.C.A. § 3742(e) (Supp.1991). The district court's factual findings will be accepted unless clearly erroneous and we give due deference to the district court's application of the guidelines to the facts. *Id.; United States v. Johnson,* 906 F.2d 1285, 1290–91 (8th Cir.1990). The district court correctly assessed three criminal history points based on Manuel's state forgery conviction, and correctly determined that Manuel's sentence does not violate the eighth amendment. Although the assessment of two criminal history points for being under a sentence while failing to appear was error, we agree with the government that the error was harmless because Manuel's sentence would have been in the same guideline range without the two points.

■ The district court did not err in assessing three criminal history points based on Manuel's state forgery conviction. The state offense was unrelated to Manuel's federal forgery offense under the guidelines. Application Note 3 to guideline sec-

tion 4A1.2 defines "related cases" as those that "(1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Manuel's claim that the federal and state forgery convictions are related is belied by this section.

Manuel's claim fails to meet each element of section 4A1.2. The state forgery did not occur on the same occasion as the federal forgery, but months later. Manuel's federal forgery conviction was based on his forgery of five United States Treasury checks between October 4, 1987 and December 9, 1988, and his state conviction was based on his forgery of a personal check on April 12, 1989. *See United States v. Lowe,* 930 F.2d 645, 646–47 (8th Cir.1991) (holding two forgeries unrelated based in part on the duration between the offenses). The state and federal crimes were not part of a common scheme or plan and were factually unrelated. They were not related in amount; the checks underlying the federal conviction ranged from $400 to over $800, and the personal check involved in the state conviction was written for $150. The two convictions also involved two different law enforcement agencies, and Manuel pleaded guilty to the offenses before two tribunals, governing different jurisdictions, and at different times. *See United States v. Davis,* 922 F.2d 1385, 1389–90 (9th Cir.1991) (holding two forgeries unrelated based in part on investigation of each crime by a different law enforcement agency). And, as stated, the crimes did not occur at the same time, but months apart. Finally, the state and federal convictions were not consolidated for sentencing. Manuel's two sentences were not imposed in the same proceeding. *See id.* at 1390. Indeed, as indicated, Manuel's cases were decided by courts of separate jurisdictions.

Manuel cites *United States v. Rivers,* 733 F.Supp. 1003 (D.Md.1990), *sentence vacated,* 929 F.2d 136 (4th Cir.1991), to argue that concurrent sentences are the "functional equivalent" of consolidation. *Id.* at 1004. *Rivers* involved a defendant convicted of two robberies in different courts of the same state. The court in *Rivers* rea-

soned that concurrent sentences were functionally equivalent to consolidation because "[i]t was only an accident of geography that precluded ... consolidation." *Id.* However, this circuit has determined that *Rivers* does not create a bright-line rule or eliminate the need for a case-by-case analysis, *Lowe,* 930 F.2d at 647, and *Rivers* is distinguishable from this case. *See also United States v. Chartier,* 933 F.2d 111, 116 (2d Cir.1991) (declining to follow *Rivers*); *United States v. Rivers,* 929 F.2d 136, 139–40 (4th Cir.1991) (reversing Rivers's sentence and criticizing the *Rivers* court's reasoning); *United States v. Flores,* 875 F.2d 1110, 1113 (5th Cir.1989) (criticizing the theory later adopted in *Rivers*). In this case, Manuel was not convicted by courts of the same state, but by a state and a federal court. The absence of consolidation, therefore, was not merely "an accident of geography." Furthermore, even if circumstances may justify constructive consolidation, this case does not fit the pattern. Consolidation of sentences is, also, only one element to consider in determining whether cases are "related" under the guidelines. In light of the factual differences separating Manuel's offenses, his concurrent sentences do not make the two offenses related.

■ We agree with both Manuel and the government that the district court's assessment of two criminal history points based on Manuel's failure to appear while under "a criminal justice sentence" was error. Manuel was not under a sentence on the federal forgery conviction when he failed to appear. However, although the two-point assessment was incorrect, the error was harmless because Manuel is subject to the same range of imprisonment under the guidelines without the two points. Manuel was assessed a total of nine criminal history points by the district court and placed in criminal history category IV. Had the court not assessed the two points at issue, Manuel would have received seven points. Because category IV applies with the assessment of seven to nine criminal history points, Manuel would have been placed in the same category IV and been subject to the same fifteen to twenty-one month range of imprisonment. Thus, reversal on this issue is not warranted.[3] *See United States v. Phillippi,* 911 F.2d 149, 151 (8th Cir.1990) (error in calculation of base offense level was harmless because it did not change guideline range), *cert. denied,* —— U.S. ——, 111 S.Ct. 702, 112 L.Ed.2d 691 (1991). *Cf. United States v. Frondle,* 918 F.2d 62, 65 (8th Cir.1990) (resentencing not warranted where error in calculating drug quantity did not change guideline range), *cert. denied,* —— U.S. ——, 111 S.Ct. 1400, 113 L.Ed.2d 455 (1991).

■ Finally, Manuel argues, based on *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), that his sentence for failure to appear is excessive in violation of the eighth amendment. We disagree. The Supreme Court recently modified *Solem. Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Although the extent of *Harmelin's* modification of *Solem* is not yet clear, it is evident that *Solem's* holding that the eighth amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime" is still controlling. *Id.,* 111 S.Ct. at 2705 (Kennedy, J., concurring in judgment) (quoting *Solem,* 463 U.S. at 288, 303, 103 S.Ct. at 3008, 3016). Manuel's sentence of fifteen months for failure to appear is not grossly disproportionate to his crime.

## III. CONCLUSION

We have carefully reviewed Manuel's other arguments on appeal and we think

---

**3.** Manuel argues that he would be in criminal history category III rather than category IV without the two point assessment. In his brief, Manuel states that "two points could not be assessed under § 4A1.1(d)," then concludes, without explaining, that "[w]ithout these *three* criminal history points, Manuel's criminal history score would be six [and] his criminal history category would be III rather than IV." Appellant's Brief at 12 (emphasis added). We do not understand how Manuel progressed from two to three criminal history points under section 4A1.1(d), but it is clear that two points were assessed and that Manuel would be in category IV with or without the two points.

418

they lack merit. Manuel's sentence for failure to appear is affirmed.