**UNITED STATES of America, Appellee,**

v.

**Terry MAU, Appellant.**

**No. 91–2050.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1991.

Decided March 3, 1992.

Stanely A. Roush, Cedar Rapids, Iowa, argued, for appellant.

Patrick J. Reinert, Cedar Rapids, Iowa, argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HEANEY, Senior Circuit Judge.

█ Pursuant to a plea agreement with the government, Terry Mau pleaded guilty on December 24, 1990 to charges of conspiracy to distribute marijuana and methamphetamine, 21 U.S.C. § 841(a)(1), possession of a firearm during and in relation to a drug trafficking offense, 18 U.S.C. 924(c)(1), and possession of a firearm as a previously convicted felon, 18 U.S.C. § 922(g)(1). On April 19, 1991, the district court sentenced Mau to a total of 210 months imprisonment. Mau appeals his sentence, claiming that the district court improperly sentenced him as a career offender under the guidelines, that the career offender guidelines are unconstitutional,[1] and that the district court was unaware that it could depart downward from the guidelines. We affirm.

At the time of his sentencing, Mau had two prior relevant convictions. In June 1985, Mau was convicted of two counts of delivery of marijuana and LSD and was sentenced to two concurrent five-year terms. This sentence was suspended, and he was placed on probation for two to five years. In August 1986, while he was on probation for his 1985 conviction, Mau pleaded guilty to two counts of delivery of marijuana. His earlier probation was revoked, and he was sentenced to two concurrent five-year terms, to run concurrently with his earlier sentence. Following a reconsideration of his sentence in November 1986, Mau served approximately four months in prison and was placed on probation for three years. Mau was discharged from probation supervision on July 15, 1988.

Based on Mau's prior convictions, the district court determined that he is a career offender under the United States Sentencing Guidelines § 4B1.1. On the conspiracy count, therefore, the court found that Mau had a base offense level of 34, and a criminal history category of VI. After a two-point reduction for acceptance of responsibility, Mau's sentence range was 210 to 262 months. The court granted the government's motion for downward departure based on substantial assistance and sentenced Mau to 150 months on the conspir-

---

1. Our prior decisions foreclose Mau's arguments regarding the constitutionality of the career offender guidelines. *See United States v. Green,* 902 F.2d 1311, 1313 (8th Cir.1990) (use of the career offender guidelines does not violate due process); *United States v. Gordon,* 953 F.2d 1106, 1106 (8th Cir.1992) (application of career offender guidelines to defendant with a series of prior drug convictions does not violate Eighth Amendment prohibition against cruel and unusual punishment); *see also Harmelin v. Michigan,* —— U.S. ——, —— –——, 111 S.Ct. 2680, 2700–02, 115 L.Ed.2d 836, 864–65 (1991) (plurality opinion) (life sentence for first offense of cocaine possession does not violate Eighth Amendment).

acy count.[2]

## APPLICATION OF THE CAREER OFFENDER GUIDELINES

■ The guidelines require the sentencing court to increase a defendant's criminal history category and offense level if the defendant is a career offender.

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. To satisfy the third requirement of § 4B1.1, the sentences for at least two of the prior cases must be unrelated. U.S.S.G. 4A1.2(a)(2). The guidelines consider prior sentences related "if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, application note 3.

■ It is undisputed that in the instant case Mau has pleaded guilty to a controlled substance offense, and that he was over eighteen during the time of the conspiracy. Mau contends, however, that his prior convictions are related, either because they were part of a common scheme or plan, or because the cases were consolidated for sentencing. The district court's decision on this issue is a factual determination subject to the "clearly erroneous" standard of review. *United States v. Lowe*, 930 F.2d 645, 646–47 (8th Cir.1991).

■ Mau first argues that his 1985 and 1986 offenses were part of a common scheme or plan because they both involved distribution of a controlled substance and they occurred within a one-year period. Mau's argument, however, would lead to the illogical result that a defendant who is repeatedly convicted of the same offense on different occasions could never be considered a career offender under the guidelines. As this court has noted, "[s]imilar crimes are not necessarily related crimes." *Lowe*, 930 F.2d at 647. In *Lowe*, the defendant contended that her six prior fraud-related convictions were related because they involved an identical modus operandi. We upheld the district court's determination that the convictions were unrelated because "they were committed over the course of two years, involved different victims, occurred in different locations and were not consolidated for trial or sentencing." *Id.* at 647. Likewise, the district court's conclusion in this case that there was no showing of a common scheme or plan is not clearly erroneous.

■ We find no merit in Mau's second contention that his prior offenses are related because they were combined for sentencing. Mau was sentenced on two counts of delivery of a controlled substance on June 7, 1985; he was sentenced on two subsequent counts of the same offense on August 4, 1986. These two sentencings were entirely separate and unrelated. The fact that Mau violated the terms of his probation, resulting in his June 1985 sentence being reimposed at his August 1986 sentencing, does not give rise to a finding that the two cases were combined for sentencing. We therefore hold that there is ample evidence in the record to support the district court's determination that Mau's prior felony convictions are unrelated, and that Mau is a career offender under the guidelines.

## DOWNWARD DEPARTURE

■ This court has held that where the sentence range required by the career offender guidelines overemphasizes the severity of the defendant's criminal history, the district court has the authority to depart downward from the guidelines. *United States v. Brown*, 903 F.2d 540, 544–45 (8th Cir.1990). Mau contends that we

---

**2.** Mau also received a concurrent 120–month sentence for possession of a firearm during and related to a drug trafficking offense, and a man- datory consecutive 60–month sentence for possession of a firearm as a felon. He does not appeal from these sentences.

should remand this case for resentencing, as we did in *Brown*, because the district court was not aware that it had the discretion to consider a downward departure.

In *Brown*, however, it was clear from the record that the district court thought that it could not depart downward from the guidelines. At the sentencing hearing in *Brown*, the court stated that it was "not comfortable" with the sentence, but that "Congress and the Sentencing Commission have spoken emphatically on this subject." *Brown*, 903 F.2d at 544. There is no evidence that the district court that sentenced Mau was similarly unaware of its authority. At the sentencing hearing, Mau's counsel argued to the court that "the career offender guideline overemphasized Mr. Mau's criminal history, therefore requiring a downward departure pursuant to *United States v. Brown*." The court responded:

> Well, departures I'm going to take at a different time, but I'm going to say in passing with respect to that, that the scoring of the Defendant's criminal history, this offense that he's before this court on today is his fifth felony on a drug offense, two in 1985 that were considered together and sentenced together and two in '86 that were sentenced together, and so instead of the two required for the career offender statute, in effect this is the Defendant's fifth drug felony.

The district court, therefore, aware of our decision in *Brown*, chose to reject Mau's argument that the career offender guidelines exaggerated his criminal history. A district court's decision not to depart downward, however, when it was aware of its authority to do so, is not reviewable by this court. *Brown*, 903 F.2d at 545.

### CONCLUSION

For the reasons discussed above, we affirm Mau's sentence.