UNITED STATES of America, Appellee,

v.

Albert Julius GRIEBE, Jr., Appellant.

No. 91–2786.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1992.

Decided March 23, 1992.

Dean Stowers, Des Moines, Iowa, for appellant.

Linda R. Reade, Des Moines, Iowa, for appellee.

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Albert Julius Griebe, Jr., appeals the 135–month sentence imposed by the district court[1] following his guilty plea to two counts of robbery. We affirm.

Griebe pleaded guilty to robbing a credit union in Des Moines, Iowa, on two separate occasions. The presentence report (PSR) calculated Griebe's total offense level as 27 and his criminal history category as V, based on a total criminal history score of 12, yielding a sentencing range of 120 to 150 months. Griebe objected to receiving three points for an October 8, 1990 Iowa conviction for second-degree criminal mischief for which he was sentenced to five years, with credit for time served. He maintained that he had not actually served any time on this sentence, and therefore

claimed it did not fall within the Guidelines definition of a "sentence of imprisonment." *See* U.S.S.G. § 4A1.2(b)(1) & comment. (n. 2). Alternatively, Griebe moved for a downward departure on the ground that his criminal history score overstated the seriousness of his past criminal conduct. The district court overruled Griebe's objection, concluding that the PSR correctly calculated his criminal history score and no grounds for departure were present, and rejected Griebe's request that his federal sentence run concurrently with his unexpired state sentence.

Griebe moved for reconsideration of the court's findings and sentence, arguing that he did not actually serve any time on the criminal mischief conviction. The district court ordered the parties to obtain the state records to determine whether Griebe served any part of the sentence. The government responded with a detailed chronology of Griebe's criminal history, accompanied by seventeen exhibits.

The records established that Griebe was arrested on June 5, 1990, at 11:05 p.m. for second-degree arson in Warren County. He was released at 7:50 p.m. on June 6, 1990, after posting an appearance bond. He remained free on bond until July 25, 1990, when he was arrested for violating the terms of his parole.[2] He was kept in jail for the parole violation until October 8, 1990, when he was sentenced to five years on the reduced charge of second-degree criminal mischief. This sentence was to run consecutively to his parole revocation sentence. The court ordered that Griebe be credited for time served in jail while awaiting disposition of the criminal mischief charge, but not for time served "in regard to the parole revocation." The mittimus for the 1990 second-degree criminal mischief conviction states that Griebe will receive credit for eighty-five days. Griebe correctly points out, however, that the mit-

---

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

2. Griebe had been paroled from prison on January 19, 1990.

timus erroneously credited him with all the days he served prior to sentencing on the criminal mischief charge.

■ The district court found that Griebe had served time on the criminal mischief sentence and denied his motion. On appeal, Griebe contends that the district court erred by imposing three points for the 1990 criminal mischief sentence, and by failing to explain why it refused to order his federal sentence to run concurrently with his unexpired state sentence.

The record indicates that Griebe did serve a period of imprisonment which will be credited against his five-year sentence. Griebe will receive credit for the night he spent in jail before his arraignment. Thus, the district court's finding on this issue is not clearly erroneous. *See United States v. Lowe*, 930 F.2d 645, 646–47 (8th Cir. 1991).

■ We also reject Griebe's second claim. The sentencing transcript indicates that the district court provided an adequate explanation for its sentence, and considered the factors set forth in 18 U.S.C. § 3553(a). Therefore, we find no abuse of discretion in the district court's decision to order Griebe's federal sentence to run consecutively to his unexpired state sentence. *See United States v. Smitherman*, 889 F.2d 189, 191 (8th Cir.1989), *cert. denied*, 494 U.S. 1036, 110 S.Ct. 1493, 108 L.Ed.2d 629 (1990).

Accordingly, we affirm.