993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommy L. WHITCHARD (No. 92-5945); Dathmus Lane (No.
92-5946), Petitioners-Appellants,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 92-5945, 92-5946.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 1
 Before MARTIN and BOGGS, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 In these consolidated appeals, Tommy L. Whitchard (Case No. 92-5945) and Dathmus Lane (Case No. 92-5946) appeal the district court's orders denying their motions to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Whitchard and Lane were named in an eleven-count superseding indictment charging conspiracy to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a) and 846. On August 17, 1990, a jury convicted Whitchard and Lane of seven counts each. The district court sentenced both defendants on October 9, 1990, to 360 months imprisonment and five years supervised release as to each count, with all terms to run concurrently. The lengthy prison terms were the result of each defendant's status as a career criminal pursuant to U.S.S.G. § 4B1.1. A panel of this court affirmed their convictions and sentences on appeal. United States v. Whitchard, Nos. 90-6352/6354 (6th Cir. July 29, 1992) (per curiam).
 
 
 4
 In almost-identical § 2255 motions, Whitchard and Lane raise the same ground for relief: their attorneys rendered ineffective assistance because they failed to apply for a downward departure on the basis that their criminal history category significantly over-represented the seriousness of their criminal history pursuant to U.S.S.G. § 4A1.3. The district court denied these motions in orders filed on June 17, 1992. In each case, the district court denied the motion as raising an issue which had already been resolved on direct appeal. Whitchard's and Lane's motions to reconsider were summarily denied on June 30, 1992.
 
 
 5
 On appeal, Whitchard and Lane, in a consolidated brief, argue that the district court erred in finding that the issue raised in their motions to vacate was raised and decided in their direct appeals. Both petitioners move for the appointment of counsel and for a transcript at government expense.
 
 
 6
 Upon review, we vacate the district court's orders because the issues raised by Whitchard and Lane in their motions to vacate differ from the sentencing issue raised in their direct appeals.
 
 
 7
 In their § 2255 motions, Whitchard and Lane present their issue as one of ineffective assistance of counsel. That question was not raised on direct appeal and, indeed, this court generally considers the issue inappropriate for direct appeal; instead, a motion under § 2255 is considered to be the appropriate vehicle for bringing an ineffective assistance claim. See United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990); United States v. Hill, 688 F.2d 18, 21 (6th Cir.), cert. denied, 459 U.S. 1074 (1982).
 
 
 8
 Furthermore, the main thrust of the movants' arguments both before the district court and in these appeals concerns the merits of their underlying contention that the district court did not realize it had the authority to depart downwardly pursuant to § 4A1.3 on the basis of significant over-representation of their criminal history. Construing the pro se litigants' motions liberally, we conclude that the movants have also adequately presented this underlying argument as a separate issue. The sentencing issue raised on direct appeal involved the district court's refusal to depart downward pursuant to § 5K2.0 based upon an alleged disproportionality between the crime committed and the sentence imposed. At least two circuits have explicitly held that these two arguments present separate issues. See United States v. Beckham, 968 F.2d 47, 54-55 (D.C.Cir.1992); United States v. Pinckney, 938 F.2d 519, 521 (4th Cir.1991).
 
 
 9
 We note that a district court's discretionary refusal to depart downward is generally not appealable unless the decision involves an incorrect application of the guidelines or is otherwise in violation of the law. See United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991). However, where the district court incorrectly believed that it could not consider a defendant's mitigating circumstances and exercise discretion to depart from the guidelines, the case may be reviewed. See United States v. Mau, 958 F.2d 234, 237 (8th Cir.1992); United States v. Hamilton, 949 F.2d 190, 192-93 (6th Cir.1991). If the appellate court cannot determine whether the sentencing court exercised its discretion or wrongly believed it could not depart, the case should be reviewed and remanded. See United States v. Ritchey, 949 F.2d 61, 63 (2d Cir.1991) (per curiam); United States v. Adkins, 937 F.2d 947, 952-53 (4th Cir.1991).
 
 
 10
 The district court's comments during the sentencing of Whitchard and Lane do not allow an absolute determination of whether the district court was merely exercising its discretion or wrongly believed that it could not depart in these cases. At the time that Whitchard and Lane were sentenced, only one circuit had ruled on the question of whether a district court could depart downward under § 4A1.3 from a sentence calculated under the career offender provision; that court held that such a departure was permissible. See United States v. Brown, 903 F.2d 540, 541 (8th Cir.1990). Since the date of sentencing, however, every other circuit that has considered this question has agreed with the Eighth Circuit. See United States v. Rogers, 972 F.2d 489, 494 (2d Cir.1992); Beckham, 968 F.2d at 54-55; United States v. Bowser, 941 F.2d 1019, 1023 (10th Cir.1991) (per curiam); Adkins, 937 F.2d at 951; United States v. Lawrence, 916 F.2d 553, 554-55 (9th Cir.1990). Accordingly, we remand Whitchard's and Lane's cases so that the district court may reconsider this issue in light of recent case law and its own comments at sentencing.
 
 
 11
 It is, nonetheless, noted that the Supreme Court has established a stricter standard of review for alleged errors raised only in a motion to vacate; an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. See United States v. Frady, 456 U.S. 152, 165 (1982). In order to even have the issue considered on the merits, the movant must show cause for his failure to bring it on direct appeal and actual prejudice. Id. at 167-68. Therefore, on remand the district court should also consider whether Whitchard and Lane can show cause and prejudice for not presenting the issue relating to downward departure under § 4A1.3 on direct appeal.
 
 
 12
 Accordingly, we deny the motions for the appointment of counsel and for transcript at government expense. The district court's orders, filed June 17, 1992, are hereby vacated and these cases are remanded for further proceedings consistent with this order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation