# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3213

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    District of Nebraska.
Melayne R. Danekas,      *
     *        [UNPUBLISHED]
       Appellant.      *

_____

Submitted: January 28, 2002

Filed: January 31, 2002

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Melayne R. Danekas pleaded guilty to conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Over Ms. Danekas's objections, the district court[1] applied a career-offender enhancement, see U.S.S.G. § 4B1.1, because she had a prior state conviction for possession of LSD with intent to deliver and a prior federal conviction for conspiracy to distribute methamphetamine; the court then sentenced her to 151 months imprisonment and

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

3 years supervised release. On appeal, Ms. Danekas challenges the court's career-offender determination, arguing that her two prior drug convictions were related. We affirm.

Although Ms. Danekas committed the LSD offense within the prior methamphetamine conspiracy's time frame, and both offenses may have involved some of the same persons, the district court did not clearly err in finding the two offenses were not part of a single common scheme or plan. See U.S.S.G. § 4A1.2(a)(2) & comment. (n.3) (prior sentences imposed in unrelated cases are to be counted separately, while those imposed in related cases are to be treated as one sentence for purposes of calculating criminal history; related sentences include those resulting from offenses that were part of "single common scheme or plan"); United States v. Maza, 93 F.3d 1390, 1400 (8th Cir. 1996) (standard of review), cert. denied, 519 U.S. 1138 and 520 U.S. 1160 (1997); United States v. Brown, 962 F.2d 560, 564 (7th Cir.1992) ("a relatedness finding requires more than mere similarity of crimes"). The two prior offenses involved different drugs and occurred in different cities; and the LSD offense was not even considered relevant conduct in the conspiracy case. See United States v. Berry, 212 F.3d 391, 394-95 (8th Cir.) ("common scheme or plan" under U.S.S.G. § 1B1.3(a)(1)(A) (relevant conduct) is defined more broadly than "*single* common scheme or plan" under § 4A1.2(a)(2) (emphasis added)), cert. denied, 531 U.S. 907 (2000); Maza, 93 F.3d at 1399-1400 (prior convictions for selling cocaine were unrelated, in part because sales took place in different states); United States v. Garcia, 962 F.2d 479, 482 (5th Cir.) (two distinct, separate drug deliveries were not part of common scheme even though crimes were temporally alike), cert. denied, 506 U.S. 902 (1992), abrogated on other grounds, Buford v. United States, 532 U.S. 59 (2001). Ms. Danekas's argument--that her LSD

transaction furthered the conspiracy offense by providing money to get methamphetamine--lacks evidentiary support, and even if money-making was a motive, "[m]otive may be one factor . . . to consider in a single common plan or scheme determination, but it is not conclusive in every case." See United States v. Lowe, 930 F.2d 645, 647 (8th Cir. 1991).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.