# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————

No. 02-3789

——————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of South Dakota. |
| Robert Allen Walters, also known as | * |
| Michael Genovese, | *    [UNPUBLISHED] |
| | * |
| Appellant. | * |

——————

Submitted:  June 4, 2003
Filed:   June 27, 2003

——————

Before BOWMAN, MELLOY, and SMITH Circuit Judges.

——————

PER CURIAM.

A jury found Robert Walters guilty of being a felon in possession of a weapon, being a fugitive from justice in possession of a weapon, and possessing false identification documents. The district court[1] sentenced him to a total of 46 months imprisonment and 3 years supervised release. On appeal, Walters argues that the district court erroneously disregarded evidence that his three prior Missouri sentences for passing bad checks were part of a single common scheme or plan, and thus

——————————

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

improperly assigned him criminal history points for each sentence, rather than treating the sentences in the related cases as one sentence. See U.S.S.G. § 4A1.2(a)(2) (prior sentences imposed in unrelated cases are counted separately; prior sentences imposed in related cases are treated as one sentence); U.S.S.G. § 4A1.2, comment. (n.3) (prior sentences are considered related if they resulted from offenses that, inter alia, were part of single common scheme or plan).

We conclude the district court did not clearly err in finding that Walters's prior sentences did not result from a single common scheme or plan. See United States v. Lowe, 930 F.2d 645, 646-47 (8th Cir. 1991) (standard of review). Neither the similarity of his bad-check offenses nor their temporal proximity established that the sentences resulted from a common scheme or plan. See id. at 647 (similar crimes are not necessarily related crimes); United States v. Mau, 958 F.2d 234, 236 (8th Cir. 1992) (rejecting argument that prior offenses were part of common scheme because they both involved distribution of controlled substance and occurred within 1-year period). While Walters served the sentences concurrently, he pleaded guilty to the three offenses before different tribunals, governing different jurisdictions, and at different times. See United States v. Manuel, 944 F.2d 414, 416 (8th Cir. 1991) (defendant's prior forgery convictions were not part of common scheme and were factually unrelated, in part because defendant pleaded guilty before different tribunals, governing different jurisdictions, at different times).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-