# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3768

_____

United States of America,          *
                                     *

          Appellee,       *

                                     *

       v.                  *   Appeal from the United States
                                     *   District Court for the

Jose Jesus Valdovinos Cervantes,   *   Northern District of Iowa.
                                   *

          Appellant.      *      [UNPUBLISHED]

_____

Submitted: June 23, 2004
Filed: June 28, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jose Jesus Valdovinos Cervantes (Cervantes) pled guilty to illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a). The district court[1] sentenced him to 27 months imprisonment and 2 years supervised release. On appeal, Cervantes argues the district court clearly erred when calculating his criminal history by finding that his previous offenses for obstructing prosecution and false representation of United States citizenship were unrelated because, although they

_____

[1] The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

have different elements, occurred in different venues, and affected different victims, both offenses were part of a long-running scheme to conceal his identity. Cervantes also argues that the district court's alternative upward departure was not justified, and that the court failed to make the required written findings in support of the departure.

We need not consider the district court's "alternative" departure because we find no clear error in the court's conclusion that Cervantes's previous sentences were unrelated and not the result of a single common scheme or plan. See U.S.S.G. § 4A1.2, cmt. n.3 (previous "sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing"); United States v. Lowe, 930 F.2d 645, 646-47 (8th Cir. 1991) (standard of review). Neither the similarity of the previous offenses nor their temporal proximity or Cervantes's common motive is sufficient to establish that his sentences resulted from a single common scheme or plan. See id. at 647 ("[s]imilar crimes are not necessarily related crimes"; motive or modus operandi may be factors in making single-common-scheme-or-plan determination, but they are not conclusive in every case); United States v. Mau, 958 F.2d 234, 236 (8th Cir. 1992) (rejecting argument that previous offenses were part of single common scheme simply because they both involved distribution of controlled substances and occurred within one-year period). Further, Cervantes pled guilty to the offenses before different tribunals, governing different jurisdictions, and at different times. See United States v. Manuel, 944 F.2d 414, 416 (8th Cir. 1991) (defendant's previous forgery convictions were not part of common scheme and were factually unrelated, in part because defendant pled guilty before different tribunals, governing different jurisdictions, at different times).

Accordingly, we affirm.

_____