**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Gregory Robert RIVERS,
Defendant–Appellee.**

No. 90–5656.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 6, 1991.

Decided April 3, 1991.

Christopher B. Mead, Asst. U.S. Atty., argued (Breckinridge L. Willcox, U.S. Atty., Roann Nichols, Asst. U.S. Atty., on brief), Baltimore, Md., for plaintiff-appellant.

Margaret Brooke Murdock, Asst. Federal Public Defender, argued (Fred Warren Bennett, Federal Public Defender, D. Md., on brief), Baltimore, Md., for defendant-appellee.

Before WIDENER and CHAPMAN, Circuit Judges, and MULLEN, District Judge for the Western District of North Carolina, sitting by designation.

CHAPMAN, Circuit Judge:

This is an appeal by the United States from a finding made by the sentencing court that Gregory Rivers' two prior armed robbery convictions had been consolidated and merged into one offense for the purposes of the United States Sentencing Guidelines, and that for sentencing on his present offenses—two bank robberies—he was not a "career offender" under U.S.S.G. § 4B1.1.[1] 733 F.Supp. 1003. This finding by the sentencing judge is clearly erroneous, so we vacate the sentence. Normally, we would remand for resentencing under the appropriate guideline, but under the terms of the plea agreement between the appellant and the United States dated December 5, 1989, either party may elect to declare the plea agreement null and void, if appellant is determined to be a career offender under the guidelines. The effect of our opinion is to find Rivers to be a career offender under § 4B1.1, so we remand for resentencing, provided however, that either party may declare the plea agreement of December 5, 1989 null and void by giving written notice of such intent to the other party with a copy to the district court, within 30 days of the issuance of the mandate by the Clerk of our court. If neither party gives notice as herein provided, Rivers shall be promptly resentenced by the district court as a career offender.

---

1. U.S.S.G. § 4B1.1. *Career Offender*
A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

## I

The Grand Jury for the District of Maryland indicted Gregory Robert Rivers on three counts charging bank robbery, bank larceny and entry into a bank with intent to commit larceny in violation of 18 U.S.C. § 2113(a), (b), (f), and 18 U.S.C. § 2. All of these acts occurred on August 18, 1989 at a branch of Signet Bank in Baltimore, Maryland. The same indictment charged three additional counts, bank robbery, bank larceny, and entry into a bank with intent to commit larceny, resulting from acts of appellant on August 9, 1989 at a branch of Equitable Bank in Baltimore, Maryland.

Following negotiations, a plea agreement was signed by an Assistant United States Attorney, appellant's counsel and appellant individually. This agreement is dated December 5, 1989 and provides that appellant will plead guilty to one count of the indictment pending against him charging bank robbery in violation of 18 U.S.C. § 2113(a). The agreement contains a stipulation of the facts covering the actions by the appellant at the Signet Bank on August 18, 1989 and the Equitable Bank on August 9, 1989. The agreement further provides that the combined offense level is 21 and would be reduced by 2 for acceptance of responsibility. It stipulated that the defendant's criminal history category was VI, that the guideline range was 63 to 78 months and "[t]here are no stipulations to career offender and/or criminal livelihood applicability or to 5K departures." In paragraph 5 of the plea agreement, it is provided:

> 5. (a) The parties stipulate and agree pursuant to Fed.R.Crim.P. 11(e)(1)(C) that the following sentence is the appropriate disposition of this case: A term of imprisonment of 70 months. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that your client is determined to be a career offender, then *either* party may elect to declare this agreement null and void. Additionally, this office agrees to recommend to the Court with the defense that the defendant participate in a drug treatment program.

Prior to sentencing, the probation officer issued his final presentence investigation report and concluded that the career offender designation applied to Rivers. The probation officer's conclusion was based upon certain undisputed facts. First, Rivers was at least eighteen years of age at the time of the instant offense. Second, on November 12, 1976 in the Circuit Court of Baltimore City, Rivers received a 12 year sentence for robbery with a deadly weapon, and on March 22, 1977 in the Circuit Court of Baltimore County, Rivers received a 16 year sentence following a plea of guilty to robbery with a dangerous and deadly weapon. Each of these prior crimes is a "crime of violence" as used in the definition of a career offender under § 4B1.1.

After receiving the presentence investigation report, Rivers submitted a motion for a factual determination of his career offender status and claimed that his two prior armed robbery convictions should be counted as one prior sentence for the purpose of evaluating his criminal history category. He claimed that the sentences were related within the meaning of § 4A1.2 because they resulted from a common scheme and because they were consolidated for the purpose of plea bargaining. The government opposed this motion and by written order of April 9, 1980, the district court concluded that Rivers was not a career offender. The district court's reasoning was:

> Given the unusual geographical disposition of Baltimore City and Baltimore County (the County surrounds the City, like a horseshoe) and the fact that they are separate jurisdictions, the Court concludes that the concurrent sentences imposed here were the functional equivalent of a consolidation under the applicable Guidelines. Given its familiarity with local practices, this Court has no doubt (and so finds as a fact) that, had the offenses both occurred in the same jurisdiction, they would have been consolidated for trial and/or sentencing, due to their similarity and closeness in time. It was only

an accident of geography that precluded such consolidation. Also, from its reading of the transcript of the County sentencing, the Court has concluded that the presiding judge, the late Judge Raine, treated the two proceedings, for sentencing purposes, as if they had been consolidated, in that he imposed concurrent time, and in that, while stating that both the City and the County crimes ought to be punished, he also stated (noting the brief interval between the two crimes), "... I do not think he ought to be doubled up on too much."

Thus, taking into account the lenity with which the criminal law (including, one assumes, law in the form of "guidelines") ought to be applied in close cases, the Court concludes that the two prior robbery offenses merge for the purpose of computing criminal history under the federal Sentencing Guidelines, and that this defendant is not a career offender.

Later in the same order the district court found:

As a separate and independent ground for its holding, the Court concludes that the two prior robbery offenses were committed pursuant to a single plan, *i.e.*, a plan to rob gas stations to obtain money to buy the narcotics to which the defendant had become addicted during his honorable service as a United States Marine in Viet Nam. Thus, they are not to be separately counted for career offender purposes.

The district court then sentenced appellant, over the objection of the U.S. Attorney, to 70 months incarceration, and the government appealed.

## II

There is no factual or legal support for the district court's findings and conclusions. There is no suggestion in Rivers' motion for a factual determination of his career offender status that the two 1976 armed robbery convictions had been consolidated for the purposes of trial and sentencing. He claimed only that the convictions were consolidated for the purposes of

plea bargaining. This is not supported by the record. The convictions were in different courts having separate jurisdiction and they were entered five months apart.

Even if they had been consolidated for plea bargaining, this does not make them related under § 4A1.2, which provides:

§ 4A1.2. *Definitions and Instructions for Computing Criminal History*

(a) *Prior Sentence Defined*

(1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense.

(2) Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of the criminal history. Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

(3) A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c).

The two prior armed robbery sentences were separate "prior sentences" under the above definition. The fact that Judge Raine gave a partially concurrent sentence does not make the prior convictions "related." He obviously treated the occurrences separately because he imposed the sentence of 16 years, 4 years longer than the sentence given by the Circuit Court of Baltimore City. Application Note 3 to § 4A1.2 states that cases are related "if they (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." The two prior armed robberies did not occur on a single occasion and were not consolidated for trial or sentencing.

As an alternate holding, the district court found that they were committed pursuant to a "single plan, *i.e.*, a plan to rob gas stations to obtain money to buy narcot-

ics...." This finding is clearly erroneous. Such reasoning would have the effect of making related offenses of almost all crimes committed by one individual. The fact that both offenses were committed to support one drug habit does not make the offenses related under § 4A1.2.

The district court's finding "[i]t was only an accident of geography that precluded such consolidation" is not supported by the record and is clearly erroneous. The offenses were committed in different jurisdictions and on different dates. The offenses were adjudicated separately and appellant was sentenced separately.

The sentencing court discussed *United States v. Flores*, 875 F.2d 1110 (5th Cir. 1989), and concluded that it was contrary to its conclusion that the prior offenses were "related cases," but it found *Flores* unpersuasive. However, we find *Flores* helpful and adopt its reasoning on the question of prior convictions as "related cases" within the meaning of § 4A1.2(a)(2). *Flores* had six prior burglary convictions and argued that they were related cases and should be treated as only one because they were consolidated for trial and sentencing. The record reflects that there were separate trials in three separate counties, but Flores argues that they were consolidated for sentencing because all six sentences ran concurrently. The Fifth Circuit held:

> Simply because two convictions have concurrent sentences does not mean that the crimes are "related" under Part A. *See* Supplementary Illustrations, Examples B.3, B.4, § 4A1.2(a)(2). Mere concurrent sentences are not enough to defeat the policy of the Guidelines:
>
> The commission shall assure that the guidelines specify a sentence to a substantial term of imprisonment for categories in which the defendant—(1) has a history of two or more prior federal, state, or local felony convictions for offenses committed *on different occasions;* ....

28 U.S.C. § 994(i) (emphasis added).

*Id.* at 1114.

In *United States v. Gross*, 897 F.2d 414 (9th Cir.1990), the defendant claimed that three cases for which he was sentenced on the same day to concurrent sentences of three years imprisonment should have been treated as one sentence for the purposes of criminal history category because the three cases were consolidated for sentencing. The Ninth Circuit held that when the facts are undisputed, the question of whether cases are related within the meaning of § 4A1.2(a)(2) and Application Note 3 of the Sentencing Guidelines is a legal determination and not a factual one. Even though the prior convictions were all based upon credit card fraud, they were not related because they arose out of factually unrelated criminal actions, and the fact that they were consolidated for sentencing did not require a finding that they were related. The court called attention to the public policy as reflected by the Sentencing Guidelines:

> The federal sentencing guidelines were enacted to provide honesty, uniformity and proportionality in sentencing. U.S. Sentencing Comm'n, Federal Sentencing Guidelines Manual, Policy Statement 1.2 (November 1, 1989). While discretion is allowed to trial judges to deviate under certain circumstances, judges are otherwise bound to stay within the recommended range of punishment. To read into the plain meaning of the statute the inference of an application note that every time a defendant is sentenced in a single hearing for multiple convictions those convictions are related would defeat both the intent of the statute and the public policy concerns over haphazard dispensation of justice. A defendant convicted of multiple unrelated offenses who fortuitously is sentenced for all offenses by one judge at one time would subsequently face less punishments when his points are totaled than another defendant who committed the same crimes but was separately sentenced on successive days or on the same day by different judges. Aside from offending the legislative intent and public policy involved, such a result would be inequitable.

*Id.* at 417.

In *United States v. Metcalf*, 898 F.2d 43 (5th Cir.1990), the court held that sentenc-

ing on two distinct cases on the same day and with identical concurrent sentences did not necessitate a finding that they were consolidated under § 4A1.2 and Application Note 3. The offenses were on different dates, had separate docket numbers and had not been the subject of an order of consolidation.

We hold that when the facts as to prior convictions and prior sentences are undisputed, the question of whether such prior sentences are "related" under § 4A1.2(a)(2) is a legal determination. Also, when the facts as to the three elements set forth in § 4B1.1 are not in dispute, the question of whether one is a "career offender" is a legal and not a factual determination.

On the present facts, Rivers is a career offender as a matter of law. He was (1) at least eighteen years of age at the time of the instant offense, which (2) is a crime of violence, and (3) he had two prior felony convictions that were crimes of violence. The district court was in error in not finding Rivers to be a career offender, and we vacate the sentence of 70 months imposed by the district court. However, as previously mentioned, either party to the plea agreement of December 5, 1989 has the right to declare the plea agreement null and void because we have determined that Rivers is a career offender under the guidelines. Notice to declare the plea agreement null and void must be given as hereinabove provided within 30 days of the issuance of the mandate by the Clerk of this court.

We deny the appellee's motion to dismiss this appeal. There is nothing in the plea agreement that prevents either party from appealing the judgment of the district court.

SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.