943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Allen SIMMONS, Defendant-Appellant.
 No. 91-5638.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 30, 1991.
Decided Aug. 26, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-90-213)
 Edward H. Weis, Assistant Federal Public Defender, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HALL, PHILLIPS and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Allen Simmons pled guilty to possession of LSD[1] and appeals the sentence he received on the ground that he was incorrectly designated a career offender. We affirm.
 
 
 2
 Under U.S.S.G. § 4B1.1, a defendant is a career offender if he was over eighteen at the time of the instant offense, the instant offense is a drug offense or a crime of violence, and he has at least two prior felonies of either a crime of violence or a drug offense. Under § 4B1.2(3), the two prior felonies must be counted separately under § 4A1.2, which provides that related cases are treated as one for purposes of the criminal history. Application note 3 to § 4A1.2 states that cases are considered related if the offenses (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.
 
 
 3
 Simmons asserted at sentencing that the two prior offenses which were relied on in determining his career offender status were related cases because they were part of a common scheme or plan. The two prior felonies were both convictions for possession of LSD with intent to distribute; one resulted from an arrest in Virginia Beach, Virginia, on March 25, 1987, for which Simmons was sentenced in August 1988, the other from an arrest in Hampton, Virginia, on March 27, 1988, for which Simmons was sentenced in July 1988. No further facts about either offense were presented to the district court either through the presentence report or at sentencing.
 
 
 4
 Because the facts concerning the prior offenses were not disputed at sentencing, the question of whether they are related cases is a legal issue which receives de novo review. United States v. Rivers, 929 F.2d 136 (4th Cir.1991). We find that the district court's determination was correct. Although the two prior convictions were for an identical offense--possession of LSD with intent to distribute--and thus were certainly part of the same course of conduct, the district court had no information on which it could conclude that they were part of a single common scheme or plan. They occurred in the same general vicinity, but in different jurisdictions and a year apart. Simmons had an opportunity to present evidence which would show that they were part of a single common scheme or plan, but failed to do so.[2] The remaining arguments made by Simmons on appeal were not presented to the district court and in any case do not provide any valid reason for treating the prior offenses as related cases under §§ 4B1.2(3)(B) and 4A1.2(a)(2).
 
 
 5
 The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Lysergic acid diethylamide
 
 
 [2]
 For a discussion of the terms "common scheme or plan" and "same course of conduct" as used in the guidelines, see Wilkins and Steer, Relevant Conduct: The Cornerstone of the Federal Sentencing Guidelines, 41 S.C.L.Rev. 495, 515-16 (1990)