962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Doanld Ray BOSWELL, JR., Defendant-Appellant.
 No. 91-5829.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 26, 1992
Decided: May 8, 1992
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Richard C. Erwin, Chief District Judge. (CR-91-20-D, CR-91-21-D)
 Charles L. White, II, Walker, Warren, Blackmon, Younce, Dowda, White, Cooke, et al, Greensboro, North Carolina; Susan Hayes, Greensboro, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Before MURNAGHAN, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Donald Ray Boswell, Jr., pled guilty to two bank robberies charged in separate indictments (18 U.S.C.A. § 2113(a) (West Supp. 1991)). He was sentenced as a career offender. United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1990). He appeals this sentence, alleging that the district court was incorrect in finding him to be a career offender and failed to understand its authority to depart downward. We affirm.
 
 
 2
 Under guideline section 4B1.1, a defendant is a career offender if he is at least eighteen at the time of the current offense, the current offense is a crime of violence or a drug offense, and he has two prior felony convictions which are crimes of violence or drug offenses. The two prior felonies must be counted separately under section 4A1.2, which provides that related cases are treated as one case for purposes of criminal history. Application note 3 to section 4A1.2 states that cases are considered related if they occurred on a single occasion, were part of a single common scheme or plan, or were consolidated for trial or sentencing. When, as in this case, the facts are undisputed, both the determination that prior cases are related and that a defendant is a career offender are reviewed de novo. United States v. Rivers, 929 F.2d 136, 141 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991).
 
 
 3
 Boswell had prior convictions for common law robbery and for assault with a deadly weapon with intent to inflict serious injury. These offenses occurred in different counties and involved different victims. Boswell was sentenced on different days by different judges. He conceded at sentencing that he had been convicted of two prior felonies which were crimes of violence, but he asserted that they should be counted as one because he had served the consecutive sentences he received in one uninterrupted term of incarceration. He also argued that they were related cases because, had they occurred in the same county, they would have been consolidated for sentencing. We find that the district court correctly determined that Boswell was a career offender. First, the prior cases were not consolidated for sentencing, and, second, the guidelines do not require two separate periods of incarceration on the prior offenses. United States v. Hines, 943 F.2d 348, 355 (4th Cir.), cert. denied, 60 U.S.L.W. 3405 (U.S. 1991).
 
 
 4
 Boswell requested a downward departure from the career offender sentence, and made the same arguments in support of a departure that he made in seeking to avoid the career offender finding. The district court refused to depart. Boswell maintains in this appeal that the court did not understand its authority to depart. Resentencing is required if a sentencing court fails to depart and there is evidence that it wrongly believed it lacked the authority to depart. United States v. Wilson, 896 F.2d 856 (4th Cir. 1990). This Court has also held that a sentencing court may depart downward if career offender status overstates the defendant's past criminal record. United States v. Adkins, 937 F.2d 947 (4th Cir. 1991). However, our review of the record of the sentencing hearing discloses no lack of willingness on the part of the district court to depart if an adequate reason for a departure were presented. The court simply found Boswell's arguments for a departure unpersuasive. Its decision not to depart is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S. 1990).
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED