968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Roland Arthur EDWARDS, Defendant-Appellant.
 No. 91-5700.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 18, 1992
Decided: July 14, 1992
 
 Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 E. Bart Daniel, United States Attorney, William C. Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 Before WIDENER, PHILLIPS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roland Arthur Edwards entered a guilty plea to bank robbery (18 U.S.C. § 2113(a) (Supp. II 1990)) and was sentenced as a career offender. United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1990). He appeals the career offender sentence, contending that three prior bank robberies were related cases and should not have been considered separate offenses for the purpose of classifying him as a career offender. We affirm.
 
 
 2
 Edwards testified in the district court that anxiety over pressing financial difficulties led him to commit all three of the previous robberies within the space of a month, partially to obtain money to pay his taxes and partially in the hope of getting caught as a way out of his problems. He argued that all three were part of one criminal episode and should be treated as related cases. U.S.S.G. § 4A1.2(a)(2), comment. (n.3).
 
 
 3
 The district court found that the cases were not related on the basis of common scheme or plan because they were committed in different jurisdictions about thirty miles apart, separated by about two weeks each time, and that Edwards had time to rethink his position between the robberies. Because the facts are undisputed, we review this determination de novo, United States v. Rivers, 929 F.2d 136 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991), and find no error. Edward's distressed state of mind was a motivating factor in his commission of each robbery. However, we have previously held that offenses committed on different occasions in different jurisdictions cannot be transformed into one offense by a shared motivation. United States v. Sanders, 954 F.2d 227 (4th Cir. 1992). A similar modus operandi is also insufficient to convert otherwise separate crimes into related cases. United States v. Davis, 922 F.2d 1385 (9th Cir. 1991). Edwards was properly classified as a career offender.
 
 
 4
 We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED