976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James Zillur RAHMAN, Defendant-Appellant.
 No. 91-5581.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 9, 1991
Decided: September 30, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CR-90-430-WN)
 Fred Warren Bennett, Federal Public Defender, Denise Benvenga, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Robert M. Thomas, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 James Zillur Rahman pled guilty to re-entering the United States after being deported (8 U.S.C.A. § 1326 (West 1970 & Supp. 1991)). He contends in this appeal that the district court erred in determining that two of his prior offenses were unrelated and that criminal history points could be assigned for each separately. We affirm.
 
 
 2
 Rahman was convicted in 1988 of passing bad checks at two retail stores in Fayette County, Kentucky. Because the facts concerning these offenses were not disputed at sentencing, we review de novo the determination that they are not related cases. United States v. Rivers, 929 F.2d 136 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991). Prior offenses are considered related cases and treated as one for purposes of calculating criminal history if the offenses (1) occurred on a single occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial and sentencing. U.S.S.G. § 4A1.2, comment. (n.3). Repeated instances of criminal behavior may be part of the same course of conduct, but some connection between them which demonstrates the existence of a common criminal endeavor involving separate criminal acts must be shown if a court is to find a common scheme or plan.
 
 
 3
 Rahman argued at sentencing that the two 1988 convictions for passing bad checks were part of a common scheme or plan because both offenses occurred within a week, the checks were written on the same account using his true name, he was arrested for both offenses on the same date, and he was given concurrent sentences although the cases were not consolidated for plea or sentencing. The common goal of both offenses, he contended, was simply to obtain goods and services by writing bad checks during that period. Although temporal closeness and similar method, present here, are elements which may indicate a common scheme or plan, we believe the conduct and circumstances involved are better described as being part of a similar course of conduct. The mere fact of concurrent sentences does not make cases related when they were not consolidated for trial or sentencing. United States v. Rivers, 929 F.2d at 140.
 
 
 4
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED