995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hildred Manuel LYLES, II, Defendant-Appellant.
 No. 92-5751.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 12, 1993
Decided: June 14, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Norwood Carlton Tilley, Jr., District Judge. (CR-91-232-D, CR-91-237-G, CR-91-238-G, CR-92-99-G, CR-92100-G)
 James B. Craven III, Durham, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Hildred Manuel Lyles, II, appeals from the judgment entered pursuant to his guilty pleas to four counts of bank robbery with a dangerous weapon, 18 U.S.C.A. § 2113(d) (West 1984 & Supp. 1992), one count of bank robbery, 18 U.S.C.A. § 2113(a), and three counts of carrying and using a firearm during a bank robbery, 18 U.S.C.A. § 924(c) (West 1976 & Supp. 1992). He contends that the district court erroneously denied his motion to suppress evidence seized and statements obtained before and after his arrest during a routine drug interdiction investigation at the Greyhound bus station in Charlotte, North Carolina. Lyles also contests the district court's determination that he qualified as a career offender. United States Sentencing Commission, Guidelines Manual, § 4B1.1 (Nov. 1991). Based on the facts presented in this case, we find no error and, therefore, affirm Lyles' conviction and sentence.
 
 
 2
 After an extensive evidentiary hearing on the motion to suppress, the district court concluded that: the Charlotte police officers properly intended to board Lyles' bus, traveling from New York City to Atlanta, as part of a routine drug interdiction investigation consistent with their usual procedures;[1] Lyles voluntarily consented to a search of his person and his carry-on luggage pursuant to the consensual encounter; Lyles' loud and repeated pronouncements in the bus terminal, that he would shoot any Drug Enforcement Administration officer that approached him, presented exigent circumstances justifying a warrantless search;[2] and Lyles' subsequent statements to Federal Bureau of Investigation agents, detailing his involvement in four of the five bank robberies, were voluntarily made with full knowledge of his Miranda[3] rights and without any request to speak to an attorney.
 
 
 3
 Where, as in this case, the factual findings are tied closely to the district court's determinations of witness credibility, appellate courts give great deference to the district court's findings. Anderson v. Bessemer City, 470 U.S. 564, 575-76 (1985); United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987). The district court's choice between two permissible views of the evidence cannot be clearly erroneous. Anderson, 470 U.S. at 574; Babb v. Olney Paint Co., 764 F.2d 240, 243 (4th Cir. 1985). Our de novo review of the record reveals the district court's denial of Lyles' motion to suppress was appropriate, and the accompanying factual findings and witness credibility determinations were not clearly erroneous. United States v. Gordon, 895 F.2d 932, 937 (4th Cir.), cert. denied, 498 U.S. 846 (1990).
 
 
 4
 With regard to the district court's determination of career offender status, which we have reviewed de novo, United States v. Rivers, 929 F.2d 136, 141 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S. 1991), we find that Lyles' two prior convictions for felonious breaking and entering,[4] in violation of N.C. Gen. Stat. § 14-54(a) (1986 & Supp. 1992), qualify as "crimes of violence" for purposes of § 4B1.1, because the conduct "presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2, comment. (n.2); see United States v. Raynor, 939 F.2d 191, 196 (4th Cir. 1991); see also Taylor v. United States, 495 U.S. 575, 599 (1990) (classification of burglary as crime of violence for purposes of 18 U.S.C.A.s 924(e)); United States v. Bowden, 975 F.2d 1080, 1085 (4th Cir. 1992) (same), cert. denied, 61 U.S.L.W. 3584 (U.S. 1993).
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 See Florida v. Bostick, 59 U.S.L.W. 4708, 4711 (U.S. 1991)
 
 
 [2]
 The search yielded $6,000 in cash in Lyles' right front pocket, and a gun pouch, a loaded .22 caliber gun magazine, a knife, and an additional $2,300 in cash in Lyles' bag. During the search, one of the officers discovered a loaded .22 caliber automatic handgun sticking out from between the two bus seats directly in front of Lyles. No one was seated with or in front of Lyles. On the basis of this discovery, Lyles was arrested for carrying a concealed weapon
 
 
 [3]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [4]
 Lyles was convicted in 1987 of breaking and entering an occupied dormitory room at Elon College, and in 1990 of breaking and entering occupied dormitory rooms at North Carolina State University