27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory BUTTLER, a/k/a Trevor G. Whittingham, Defendant-Appellant.
 No. 93-5949.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 15, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-89-14)
 Michael Steven Arif, Martin, Arif & Soloway, Burke, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Gerard J. Sexton, Special Asst. U.S. Atty., Angela Stanton, Third Year Law Student, Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 
 OPINION
 
 1
 PER CURIAM. Gregory Buttler appeals the corrected sentence of 160 months imposed by the district court after relief was granted under 28 U.S.C. Sec. 2255 (1988). He contends that his criminal history was improperly computed in that all four of the state sentences he received in 1983 for firearms convictions should have been treated as related cases and counted together. United States Sentencing Commission, Guidelines Manual, Sec. 4A1.2, comment. (n.3) (Nov.1992). He also claims that the district court erred by failing to remove the career offender sentence previously imposed. We affirm.
 
 
 2
 Buttler was convicted of possession of cocaine with intent to distribute in 1989, and was sentenced as a career offender to a term of 240 months. In 1991, guideline section 4B1.2 was amended to clarify the application of the guideline by specifying that unlawful possession of a weapon is not a crime of violence. U.S.S.G.App. C, amendment 433. The amendment was retroactive. U.S.S.G.Sec. 1B1.10. Buttler moved for correction of his sentence and the government agreed that he should be resentenced without the career offender enhancement. The probation officer recomputed Buttler's sentence, recommending a criminal history category of V. This included two criminal history points for three firearms sentences imposed on October 25, 1983, which were treated as related cases. An additional two points was recommended for a fourth firearms sentence imposed on November 1, 1983.
 
 
 3
 Buttler objected to the new criminal history computation. He argued that because he had received concurrent sentences for his 1983 firearms convictions, all four sentences should have been treated as related cases and counted together. We find no error. The fact that the sentences were concurrent does not mean that the cases were related for purposes of section 4A1.2. See United States v. Rivers, 929 F.2d 136, 139-40 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991).* The offense for which Buttler was sentenced on November 1, 1983, could not be considered related to the other three. It was imposed in a separate proceeding on a different day. Moreover, Buttler was arrested for the fourth offense in 1983, while his arrests for the other three offenses occurred in 1980 and 1981, and there was no evidence of a common scheme or plan.
 
 
 4
 Buttler's second claim is without merit. He was resentenced without the career offender enhancement which was applied in his first sentencing, and his sentence computation reflects that change.
 
 
 5
 We therefore affirm the corrected sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Unless there are intervening arrests, cases are related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a common scheme or plan, or (3) were consolidated for trial or sentencing. U.S.S.G. Sec. 4A1.2, comment. (n.3). The government points out on appeal that there appear to have been intervening arrests which would make the other firearms offenses unrelated also. However, the government did not make this objection in the district court, and has not appealed the sentence, and we do not consider the issue