68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jacqueline D. MILLER, a/k/a Jacqueline D. Tillman, a/k/a
Janay Roche Small, a/k/a Jacqueline T. Davis,
a/k/a Jacqueline Davis Small, Defendant-Appellant.
 No. 95-5150.
 United States Court of Appeals, Fourth Circuit.
 Oct. 23, 1995.
 
 Gordon Widenhouse, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 Janice McKenzie Cole, United States Attorney, Don A. Niesen, Special Assistant United States Attorney, Camp Lejeune, North Carolina, for Appellee.
 Before HALL, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jacqueline D. Miller pled guilty to theft of government property, 18 U.S.C.A. Sec. 641 (West Supp.1995), and was sentenced to serve one year and one day in prison. She appeals her sentence, contending that the district court erred in determining her criminal history category and her offense level. For the reasons explained below, we vacate the sentence and remand for resentencing.
 
 
 2
 Between the fall of 1991 and June 1993, Miller wrote numerous bad checks in Onslow County and Carteret County, North Carolina, and at the Marine Corps base at Camp Lejeune. This conduct resulted in a number of state convictions for which Miller was sentenced in 1992 and February 1994. In October 1994, Miller was charged with theft of government property stemming from the checks she wrote at Camp Lejeune between January and May 1993. She pled guilty to one of the eleven counts in the indictment. In interviews with psychologists who evaluated her, Miller described how she periodically engaged in shopping sprees to alleviate her chronic depression.
 
 
 3
 Taking into account only the $2050 loss resulting from checks written at Camp Lejeune, the probation officer recommended an offense level of 7 under guideline section 2B1.1.[1] The probation officer assigned a total of 12 criminal history points for Miller's prior sentences, putting her in criminal history category V, with a guideline range of 12-18 months.
 
 
 4
 Miller objected that the convictions set out in paragraphs 11, 12, and 14[2] of the presentence report were related cases and should be counted as one because they were part of a common scheme or plan. USSG Sec. 4A1.2, comment. (n.3). The probation officer responded that the sentences were not related because (1) the offenses occurred on different dates, (2) the sentences were imposed on different dates in different jurisdictions (Onslow County and Carteret County), and (3) this court held in United States v. Rivers, 929 F.2d 136, 139-40 (4th Cir.), cert. denied, 502 U.S. 964 (1991), that a common purpose is not sufficient to make otherwise unrelated thefts part of a common scheme or plan.
 
 
 5
 Miller then filed a sentencing memorandum in which she argued that the conduct underlying the sentences in paragraphs 11, 12, and 14 was part of the instant offense. Therefore, she maintained, those offenses should be considered as relevant conduct in determining her offense level rather than as part of her criminal history. See USSG Sec. 4A1.2(a)(1), comment. (n.1). Miller asserted that the losses from her state offenses totaled $21,035, and that, if these amounts were included as relevant conduct, her offense level would rise to 10; however, her criminal history score would decrease to zero, placing her in category I and making her guideline range 6-12 months. Alternatively, Miller again argued that the prior sentences were related because they were part of a common scheme or plan. At the sentencing hearing, the district court summarily overruled Miller's objections to the presentence report.
 
 
 6
 We find that the district court was correct in concluding that some of Miller's prior offenses should not be treated as relevant conduct and were properly included in her criminal history. A sentence which is for conduct that is part of the instant offense should not be counted as a prior sentence in determining criminal history. Conduct is part of the instant offense if it is relevant conduct under guideline section 1B1.3. See USSG Sec. 4A1.2(a)(1), comment. (n.1). For instance, Miller's sentence following her arrest on February 19, 1992 (paragraph 10 of the presentence report), separates that criminal conduct from her remaining prior criminal conduct and prevents it from being considered as relevant conduct. See USSG Sec. 1B1.3, comment. (n.8).
 
 
 7
 However, the district court committed clear error in finding that all the conduct underlying the rest of Miller's state convictions was not relevant conduct. Under guideline section 1B1.3(a)(2), relevant conduct includes acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction" when the offenses are the type which would be grouped under Sec. 3D1.2(d). Miller argued below that her state worthless check convictions are of this type and were part of the same course of conduct or common scheme or plan as her federal offense under the test used in United States v. Mullins, 971 F.2d 1138, 1143-44 (4th Cir.1992).
 
 
 8
 Offenses covered by guideline sections 2B1.1 and 2F1.1 are among those to be grouped under section 3D1.2(d) (offense level determined by total amount of loss). It appears that Miller's state bad check convictions are in this category. Application Note 9 to section 1B1.3 defines the terms "same course of conduct" and "common scheme or plan." Two or more offenses are part of a common scheme or plan if they involved common victims, accomplices, purpose, or similar modus operandi. Two or more offenses are part of the same course of conduct if they are part of a single episode, a spree, or an ongoing series of offenses.
 
 
 9
 Under the Mullins test, to determine whether prior acts are part of the same course of conduct or common scheme or plan as the instant offense, the "significant elements to be evaluated are the similarity, regularity and temporal proximity between the offense of conviction and the uncharged conduct." Mullins, 971 F.2d at 1144.
 
 
 10
 The instant offense consisted of Miller passing bad checks at Camp Lejeune drawn on accounts opened in fictitious names and since closed, or accounts that possessed insufficient funds, on eleven occasions between January and May 1993. The state convictions described in paragraph 11 of the presentence report resulted from Miller passing bad checks drawn on accounts opened under fictitious names that had either been closed or possessed insufficient funds, on nine occasions in May and June 1993. This conduct, at least, appears to satisfy the similarity, regularity, and temporally related requirements of Mullins.
 
 
 11
 We express no opinion on whether the conduct underlying the remaining state convictions was relevant conduct. A factual determination is necessary for each prior conviction, and the court's finding should be supported by reasons clearly explained in the record.
 
 
 12
 Accordingly, we vacate the sentence and remand for resentencing. On remand, the district court should make the necessary factual determinations and set forth the reasons supporting its decisions. In the event that the district court finds that the convictions described in paragraphs 12 and 14 of the presentence report are not part of the instant offense and are properly included in Miller's criminal history, it should go on to consider whether they are related cases. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1994)
 
 
 [2]
 The addendum to the presentence report states that Miller's objection referred to the offenses in paragraphs 11, 12, and 13 of the presentence
 report. However, Miller's sentencing memorandum, argument at sentencing, and appellate brief all refer to the offenses in paragraphs 11, 12, and 14 of the presentence report.