**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

THOMAS MARTIN,
    *Defendant-Appellant.*

No. 01-4409

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-00-691)

Submitted: November 14, 2001

Decided: December 4, 2001

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Thomas Martin, Appellant Pro Se. David Calhoun Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Thomas Martin appeals his conviction of possession of counterfeit securities, in violation of 18 U.S.C.A. § 513 (West 2000). Finding no reversible error, we affirm.

Contrary to Martin's assertion, § 513 is constitutional, as the statute bears a sufficient nexus to interstate commerce. *See United States v. Pebworth*, 112 F.3d 168, 170 (4th Cir. 1997).

Next, we reject Martin's claim that prior robbery convictions were related for sentencing purposes. Martin's three robbery convictions occurred on three separate occasions, involved three separate victims, bore different docket numbers, and although the sentences were imposed to run concurrently, the cases were not formally consolidated. Moreover, the prior crimes are not related simply because Martin's motivation for committing each of the robberies was to sustain his drug addiction. *See United States v. Sanders*, 954 F.2d 227, 231-32 (4th Cir. 1992); *United States v. Rivers*, 929 F.2d 136, 140 (4th Cir. 1991). Thus, the district court did not err in concluding Martin's three convictions were not related for purposes of calculating his criminal history points under the Sentencing Guidelines.

The record does not conclusively establish ineffective assistance of counsel. Thus, Martin's claim of ineffective assistance of counsel is not cognizable in this direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997); *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

We have reviewed the record and find no reversible error. Accordingly, we affirm Martin's conviction and sentence. We deny Martin's motion for court-appointed appellate counsel and for production of transcripts.* We dispense with oral argument because the facts and

---

*We note that we previously granted Martin's own motion to proceed pro se on appeal without assistance from the federal public defender appointed to represent him in this Court, that Martin has competently asserted his issues on appeal, and that transcripts of the district court proceedings are contained in the record on appeal.

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*