**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ERNEST BERRY,

*Defendant-Appellant.*

No. 01-4203

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-99-186)

Submitted: March 26, 2002

Decided: April 15, 2002

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

D. Garrison Hill, HILL & HILL, L.L.C., Greenville, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ernest Berry pled guilty to bank robbery, 18 U.S.C. § 2113(a) (1994), and was sentenced as a career offender to a term of 160 months imprisonment. Berry appeals his sentence, alleging that the district court erred in sentencing him as a career offender because his two prior convictions for bank robbery were part of a common scheme or plan. *U.S. Sentencing Guidelines Manual* §§ 4A1.2(a)(2), 4B1.1 (2000). We affirm. We grant Berry leave to file a supplemental brief and construe his motion as a pro se supplemental brief. We decline to direct his attorney to file a supplemental brief.

A defendant is a career offender if he is at least eighteen years old when the instant offense was committed, the instant offense is a felony and is either a crime of violence or a drug offense, and he has at least two prior felony convictions for crimes of violence or drug offenses. *See* USSG § 4B1.1. The two prior felony convictions must carry sentences that are counted separately in the defendant's criminal history under USSG § 4A1.1. *See* USSG § 4B1.2(c). Sentences for related cases are treated as one sentence. *See* USSG § 4A1.2(a)(2). Cases are considered related if there was no intervening arrest and (1) the offenses occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. *See* USSG § 4A1.2, comment. (n.3). The district court's determination that the robberies were part of a common scheme or plan is reviewed for clear error. *United States v. Rivers*, 929 F.2d 136, 140 (4th Cir. 1991).

The relevant factors in deciding whether offenses are part of a single common scheme or plan are: whether the crimes were committed within a short period of time, committed in close geographic proximity, involved the same substantive offense, were directed at a common victim, were solved during the course of a single criminal investigation, shared a similar modus operandi, were animated by the same motive, and were tried and sentenced separately only because of an accident of geography. *United States v. Breckenridge*, 93 F.3d 132, 138 (4th Cir. 1996) (citations omitted). Not all of these factors must be present for there to be a common scheme or plan, nor does the

presence of a few of them require that finding. *Id.* Temporal and geographic proximity are significant, but not determinative. *Id.* The same is true of a common motive or a single police investigation (unless it was a targeted investigation). *Id.* The fact that the defendant received concurrent sentences does not make separate offenses related, but the fact that the offenses were substantively similar may be significant. *Id.*

Berry's two prior robbery convictions occurred on two separate occasions, involved two separate victims, bore different docket numbers, and although the sentences were imposed to run concurrently, the cases were not formally consolidated. Moreover, this court has previously refused to find prior crimes related because a defendant was motivated to commit each of them to sustain a drug addiction. *See United States v. Sanders*, 954 F.2d 227, 231-32 (4th Cir. 1992); *Rivers*, 929 F.2d at 140. Thus, the district court did not err in concluding that Berry's two prior convictions were not related cases under USSG § 4A1.2 and in sentencing him as a career offender. We have reviewed the additional arguments and issues raised by Berry in his pro se supplemental brief and find them to be without merit.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*