UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                                    No. 02-4341

DONALD WAYNE MELTON,
              *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-00-490)

Submitted: September 30, 2002

Decided: December 3, 2002

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Amy A. Wise, AIKEN BRIDGES, Florence, South Carolina, for
Appellant. J. Strom Thurmond, Jr., United States Attorney, Regan A.
Pendleton, Assistant United States Attorney, Greenville, South Caro-
lina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Donald Wayne Melton pled guilty to bank robbery, 18 U.S.C. § 2113(a) (2000), and was sentenced as a career offender, *U.S. Sentencing Guidelines Manual* § 4B1.1 (2000), to a term of 168 months imprisonment. He appeals his sentence, arguing that the district court erred in finding that his prior burglary offenses were not related cases. USSG § 4A1.2(a), comment. (n.3.) We affirm.

A defendant is a career offender if he is at least eighteen years old when he commits the instant offense, the instant offense is a felony and is either a crime of violence or a serious drug offense, and he has at least two prior convictions for crimes of violence or serious drug offenses. USSG § 4B1.1. A crime of violence is defined in § 4B1.2(a) as any federal or state offense that is punishable by a term of imprisonment exceeding one year, and that

(1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The two prior felony convictions must carry sentences that are counted separately in the defendant's criminal history under USSG § 4A1.1. *See* USSG § 4B1.2(c). Sentences for related cases are treated as one sentence. *See* USSG § 4A1.2(a)(2). Cases are considered related if there was no intervening arrest and (1) the offenses occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. *See* USSG § 4A1.2, comment. (n.3). The district court's determination that the robberies were part of a common scheme or plan is reviewed for clear error. *United States v. Rivers*, 929 F.2d 136, 140 (4th Cir. 1991).

The relevant factors in deciding whether offenses are part of a single common scheme or plan are: whether the crimes were committed

within a short period of time, were committed in close geographic proximity, involved the same substantive offense, were directed at a common victim, were solved during the course of a single criminal investigation, shared a similar modus operandi, were animated by the same motive, and were tried and sentenced separately only because of an accident of geography. *United States v. Breckenridge*, 93 F.3d 132, 138 (4th Cir. 1996) (citations omitted). Not all of these factors must be present for there to be a common scheme or plan, nor does the presence of a few of them require that finding. *Id.* Temporal and geographic proximity are significant, but not determinative. *Id.* The same is true of a common motive or a single police investigation (unless it was a targeted investigation). *Id.* The fact that the defendant received concurrent sentences does not make separate offenses related, but the fact that the offenses were substantively similar may be significant. *Id.*

Melton's four countable prior residential burglaries* occurred on four separate occasions, beginning on July 12 and ending on October 1, 1989, involved four separate victims, and were prosecuted in three jurisdictions: Spartanburg and Greenville, South Carolina, and Polk County, North Carolina. The two burglaries that were prosecuted in Spartanburg bore different docket numbers and, although the sentences were run concurrently, the cases were not formally consolidated. *See United States v. Allen*, 50 F.3d 294, 297 (4th Cir. 1995) (to be "consolidated for sentencing," cases must be formally consolidated or factually related).

Melton argues that he had a common motive for committing all the burglaries—to support his drug habit. However, this court has previously refused to find prior crimes related because a defendant was motivated to commit each of them to sustain his drug addiction. *See United States v. Sanders*, 954 F.2d 227, 231-32 (4th Cir. 1992); *Riv-*

---

*Melton also was convicted of offenses involving entry into an outdoor lot, a storage trailer, a garage, two businesses, and a motor vehicle. These offenses arguably were not crimes of violence as defined in USSG § 4B1.2(a) (burglary of a dwelling or offense that presents serious risk of physical injury to another). No criminal history points were assigned for any of the offenses, however, and the district court did not rely on any of them in finding Melton a career offender.

*ers*, 929 F.2d at 140. Thus, the district court did not err in concluding that Melton's prior convictions were not related cases under USSG § 4A1.2 and in sentencing him as a career offender.

   We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*