UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

NESTOR CAMPOS-ALONZO, a/k/a
Roberto Martinez Vega,
          *Defendant-Appellant.*

No. 03-4329

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-02-281-1)

Submitted: August 28, 2003

Decided: September 12, 2003

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Nestor Campos-Alonzo pled guilty to possession of a firearm by an illegal alien, 18 U.S.C. § 922(g)(5) (2000) (Count One), and reentry by a deported alien previously convicted of an aggravated felony, 8 U.S.C. § 1326(a), (b)(2) (2000) (Count Two), and was sentenced to a term of 140 months imprisonment. Campos-Alonzo challenges the district court's determination of his base offense level under *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(2) (2002), arguing that the district court failed to conduct an analysis of his two prior felony drug offenses that complied with *United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996). We affirm.

Guideline section 2K2.4(a)(2) provides an enhanced base offense level of 24 for a defendant convicted of a federal firearm offense who has two prior felony convictions for either a crime of violence or a controlled substance offense. Campos-Alonzo had been convicted in 1997 of two felony drug offenses. The first resulted from a search warrant executed at his home in North Garden, Albemarle County, Virginia, on October 30, 1997, during which cocaine, marijuana, and three firearms were seized by investigators of the Jefferson Area Drug Task Force. An arrest warrant was issued for Campos-Alonzo and, on November 28, 1997, investigators received information that he would be conducting a drug transaction at an intersection on Route 29 in Nelson County, Virginia. Campos-Alonzo was arrested there with several other persons and gave as his residence an address in Danville, Virginia. He was prosecuted separately in each county, pleading guilty in Albemarle County to "felony distribute cocaine," and in Nelson County to a felony cocaine charge, a misdemeanor marijuana charge, and a firearms offense. The Nelson County sentence was imposed three months after the Albemarle County sentence and was made concurrent with it. After serving his active sentence, Campos-Alonzo was deported to Mexico in July 2000. He returned a few

months later to live with his family in Danville, Virginia. Campos-Alonzo was arrested in North Carolina in July 2002 in possession of crack cocaine and a firearm, which resulted in his prosecution for the instant offenses.

To calculate Campos-Alonzo's guideline range, the probation officer placed each count in a separate group and, for Count One, recommended a base offense level of 24 under USSG § 2K2.1(a)(2). Campos-Alonzo objected that the predicate offenses (listed in ¶ 44 and ¶ 45 of the presentence report) were "related cases" which should be counted as one offense for criminal history purposes under USSG § 4A1.2, comment. (n.3) because they were part of a common scheme or plan and would have been consolidated for trial and sentencing but for an "accident of geography," i.e., that the offenses occurred in different counties. *See United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996) (setting out test for determining whether prior offenses are related under § 4A1.2 as part of a common scheme or plan).

Application Note 5 to § 2K2.1 provides that the guideline uses the definition of "controlled substance offense" that is given in § 4B1.2 (Definitions of Terms Used in § 4B1.1). Application Note 3 to § 4B1.2 provides that the provisions of § 4A1.2 are applicable to the counting of convictions under § 4B1.1. "Related cases" are defined in Application Note 3 to § 4A1.2 as those resulting from "offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." Convictions in "related cases" are treated as one prior offense in determining both criminal history points and career offender status. In the context of § 2K2.1, prior offenses in related cases are considered as one offense in determining whether the enhanced base offense level in subsection (a)(2) should apply.

Campos-Alonzo argued in his sentencing memorandum that his 1997 drug offenses were part of a common scheme or plan because (1) they occurred within a short period of time, i.e., the second one occurred one month after the search warrant was executed at his house in North Garden, (2) both involved cocaine, marijuana, and firearms, (3) both were investigated by the same detective of the Jefferson Area Drug Task Force, and (4) the two offenses would have

been consolidated but for the "accident of geography" that they were committed in different counties.

The district court held that the October 30 and November 28 drug offenses were not part of a common scheme or plan because they involved "different drugs and different firearms," and were "committed in different counties at a different time, 29 days apart." The court noted that it did not know how the cases would have proceeded in state court had they been committed in the same county. The court adopted the guideline calculation recommended in the presentence report and imposed a sentence of 120 months (the statutory maximum) for Count One and a concurrent sentence of 140 months (the minimum under the guideline range) for Count Two.

Campos-Alonzo argues on appeal that the district court failed to apply the *Breckenridge* test when it determined that his prior drug offenses were not related. The relevant factors for determining whether prior offenses were part of a common scheme or plan are: whether (1) the crimes were committed within a short period of time, (2) in close geographic proximity, (3) involved the same substantive offense, (4) were directed at a common victim, (5) were solved during the course of a single criminal investigation, (6) shared a similar modus operandi, (7) were animated by the same motive, and (8) were tried and sentenced separately only because of an accident of geography. *Breckenridge*, 93 F.3d at 138. Not all the factors must be present for a finding of a common scheme or plan. *Id.* Temporal and geographic proximity are significant, but not determinative. *Id.* The same is true of a common motive or a single police investigation, unless the investigation targeted the defendant. *Id.* The fact that the defendant received concurrent sentences does not make separate offenses related, but the fact that the offenses were substantively similar may be significant.

The district court did not address each factor set out in *Breckenridge*, but mentioned those it found to be most significant: the lack of geographical and temporal proximity and the fact that it could not be certain whether the cases would have been consolidated in state court had they occurred in the same county. Implicit in the court's findings is its belief that Campos-Alonzo had not met the test set out in *Breckenridge*. We conclude that the court's findings were adequate. *United*

*States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995) ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

Moreover, the defendant has the burden of proving the existence of a common scheme. *United States v. Joy*, 192 F.3d 761, 771 (7th Cir. 1999); *United States v. Cowart*, 90 F.3d 154, 159 (6th Cir. 1996). The district court's determination as to whether prior offenses were part of a common scheme or plan is reviewed for clear error. *United States v. Rivers*, 929 F.2d 136, 140 (4th Cir. 1991). While this is a close case, we conclude that Campos-Alonzo failed to meet his burden. More information about Campos-Alonzo's prior drug activity would have assisted the district court, but because none was forthcoming the court was limited to what could be gleaned from the search warrant and arrest warrant submitted by defense counsel.

A number of the relevant factors support the district court's finding that Campos-Alonzo failed to show a common scheme or plan. First, although the term "short period of time" has not been defined, we are satisfied that the district court did not clearly err in finding that Campos-Alonzo's two drug offenses, separated by twenty-nine days, were not committed within a short period of time. In *Breckenridge*, the defendant averaged more than one burglary per week. *See* 93 F.3d at 134, 138 (six burglaries committed within one month were committed in a short period of time). Similarly, "close geographic proximity" may be interpreted in various ways. However, Campos-Alonzo's two offenses were not committed across the street from each other (as was more or less the case in *Breckenridge*, *see* 93 F.3d at 134-35 & n.2), but at least thirteen miles apart. We cannot say that district court clearly erred in finding that this did not amount to close geographical proximity.

Lacking specific information about the offenses, the court did not make a finding on whether they involved a similar modus operandi. Notably, Campos-Alonzo did not offer any information or argument on this point in his sentencing memorandum or at sentencing. We are thus reluctant to say that this factor weighs in his favor. The court also did not decide whether both offenses were committed for the same

motive, which Campos-Alonzo identified as "profit" in his sentencing memorandum. Because profit is almost always the motive for drug crimes, this factor also does not weigh in favor of finding a common scheme or plan in the absence of other evidence linking the two offenses.

Finally, on the information available at sentencing, it was not possible for the court to determine whether, had the two offenses been committed in the same county, they would have been consolidated for trial or sentencing. *See Breckenridge*, 93 F.3d at 137-38 (under Virginia law, offenses may be charged together only if they were connected or constituted parts of a common scheme or plan, i.e., (1) the offenses were intimately connected or (2) the relationship between the offenses was dependent on the existence of a plan that tied the offenses together and demonstrated that the objective of each offense was to contribute to the achievement of a goal not attainable by the commission of any of the individual offenses) (internal quotations and citations omitted). Because Campos-Alonzo provided no information to assist the district court in deciding this question, we cannot conclude that it aids his argument.

Other factors do support Campos-Alonzo's argument. The offenses involved the same substantive offense, were directed at a common victim: society, *see, e.g.*, *United States v. Cordo*, 324 F.3d 223, 229 (3d Cir. 2003), and were solved as the result of a single investigation. However, on balance, we are convinced that the district court's factual finding that the two offenses were not part of a common scheme or plan was not clearly erroneous. Consequently, the district court properly applied a base offense level of 24 under § 2K2.1(a)(2).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*