# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                              No. 00-4863

DERRICK MAURICE WILLIAMS,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-91)

Submitted: April 13, 2001

Decided: May 1, 2001

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, John E. Pueschel, Third-Year Law Student, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Derrick Maurice Williams appeals his conviction and 262-month sentence imposed following his guilty plea to possession with intent to distribute 176.6 grams of cocaine base ("crack") in violation of 21 U.S.C.A. § 841(a), (b)(1)(A) (West 1999). Williams' counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal. Nonetheless, counsel addressed the possibility that the sentence was improper and that this court does not have jurisdiction to entertain the appeal. After being informed of his right to file a pro se brief, Williams filed a letter stating that he should not have been sentenced as a career offender. Finding no merit to these claims and discovering no other reversible error in our review of the record, we affirm Williams' conviction and sentence.

Williams contends that the court lacks authority to review his case because the court does not have "at least one circuit judge in regular active service appointed from the residents of each state in that circuit." 28 U.S.C.A. § 44(c) (West Supp. 2000). Specifically, the court does not have an active judge from North Carolina. Section 44 is an administrative provision titled: "Appointment, tenure, residence and salary of circuit judges." We find that this section does not confer or limit the court's jurisdiction. Rather, the jurisdiction of the court is conferred in 18 U.S.C.A. § 3742(a) (West 2000), 28 U.S.C. § 1291 (1994), and Fed. R. App. P. 4(b). Because the requirement that the court have at least one active circuit judge from each state is not a jurisdictional requirement, Williams' claim lacks merit. Accordingly, we now address the propriety of Williams' conviction and sentence.

We find that Williams' guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Williams was properly advised of his rights and as to the offense charged

and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991).

The amount of crack cocaine was charged in the indictment, and Williams pled guilty to that charge. Accordingly, we find that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not implicated. Because Williams was at least eighteen years old at the time of the commission of this offense—which is a controlled substance felony offense—and because he had two prior felony convictions for controlled substance offenses, Williams was properly determined to be a career offender. *See U.S. Sentencing Guidelines Manual* § 4B1.1 (2000). Williams contends that he should not be sentenced as a career offender because the sentences for his two prior convictions were concurrent. However, this is not sufficient to make these otherwise unrelated cases related. *See* USSG § 4A1.2, comment. (n.3); *United States v. Rivers*, 929 F.2d 136 (4th Cir. 1991). Having correctly determined Williams' offense level and criminal history category as a career offender, the district court appropriately sentenced him within the applicable range.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Williams' conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*